UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BRIAN VANORE, et al.,**<br><br>Plaintiff,<br><br>v.<br><br>**NARRAGANSETT BAY,**<br><br>Defendant. | Civil Action No. 14-373 (FLW)<br><br><br>REPORT AND RECOMMENDATION |
| **JOHN BRUNO,**<br><br>Plaintiff,<br><br>v.<br><br>**NARRAGANSETT BAY INSURANCE COMPANY**<br><br>Defendant. | Civil Action No. 14-382 (JAP)<br><br><br>REPORT AND RECOMMENDAITON |
| **STEPHEN FANDEL,**<br><br>Plaintiff,<br><br>v.<br><br>**NARRAGANSETT BAY,**<br><br>Defendant. | Civil Action No. 14-431 (MAS)<br><br><br>REPORT AND RECOMMENDATION |

**BONGIOVANNI, Magistrate Judge**

This matter has been brought before the Court upon motions by Defendant Narragansett Bay Insurance Company ("Narragansett") seeking the dismissal of the Complaints filed in the above-captioned matters pursuant to Federal Rule of Civil Procedure ("Rule") 37(b)(2)(A). [Docket Entry No. 10 in Civil Action No. 14-373; Docket Entry No. 10 in Civil Action No. 14-382 and Docket Entry No. 10 in Civil Action No. 14-431]. Plaintiffs have not opposed

Narragansett's motions. For the reasons that follow, it is respectfully recommended that the three matters be DISMISSED WITH PREJUDICE.

## BACKGROUND AND PROCEDURAL HISTORY

On January 17, 2014, Narragansett removed the three above-captioned matters from the Ocean County Superior Court of New Jersey. All three cases involve breach of insurance contract claims stemming from Hurricane/Superstorm Sandy. After the matters were removed, on January 23, 2014, the Court entered Orders in each case setting initial scheduling conferences in early April. (*See* Docket Entry No. 3 in Civil Action No. 14-373; Docket Entry No. 3 in Civil Action No. 14-382 and Docket Entry No. 3 in Civil Action No. 14-431). Shortly thereafter, because of the large volume of cases involving Sandy-related claims, the Court adjourned the scheduled initial conferences and exercised its discretion to set discovery schedules in the three matters. (*See* Docket Entry No. 5 in Civil Action No. 14-373; Docket Entry No. 5 in Civil Action No. 14-382 and Docket Entry No. 5 in Civil Action No. 14-431).

According to the Orders entered by the Court, the parties were to exchange Initial Disclosures no later than February 18, 2014 and all fact discovery was to be completed by May 28, 2014. (*Id.*) Narragansett timely served its Initial Disclosures pursuant to Rule 26(a)(1) as required by the Court's Orders. Plaintiffs did not. In both the *Vanore* and *Fandel* matters, Plaintiffs failed to serve their Initial Disclosures. In the *Bruno* matter, Plaintiff served his Initial Disclosures. Plaintiff's Initial Disclosures, however, included an estimate from the Stephenson Group claiming wind damages over $280,000. Despite the fact that Plaintiff's public adjuster's May 2013 estimate alleged $23,420.09 in wind damages, no support was submitted for the Stephenson Group's estimate.

Despite the lack of or deficient Initial Disclosures, Narragansett served Plaintiffs with requests for discovery in late March 2014.  Plaintiffs failed to timely respond to Narragansett's discovery demands.  As such, Narragansett wrote to Plaintiffs, requesting that they provide their overdue discovery responses and, in the *Vanore* and *Fandel* matters, their overdue Initial Disclosures.  Plaintiffs failed to respond to Narragansett's letter.

The Court conducted status telephone conferences in all three matters on May 2, 2014.  During the status conference, Narragansett raised Plaintiffs' deficient Initial Disclosures and discovery responses with the Court.  The Court required Plaintiffs to provide their overdue discovery responses by May 30, 2014.  (Letter Orders of 5/2/2014; Docket Entry No. 7 in Civil Action No. 14-373; Docket Entry No. 7 in Civil Action No. 14-382 and Docket Entry No. 7 in Civil Action No. 14-431).  The Court additionally required the *Vanore* and *Fandel* Plaintiffs to produce their overdue Initial Disclosures by May 9, 2014.  (*Id*.)

The *Vanore* and *Fandel* Plaintiffs produced their Initial Disclosures on May 12, 2014, three days late. However, they failed to provide any documents with their Initial Disclosures.[1]  In addition, all Plaintiffs failed to produce their overdue discovery responses as required by the Court's May 2, 2014 Letter Orders.

On June 19, 2014, the Court conducted another series of telephone conferences in these matters.  During these conferences, Plaintiffs attempted to explain their failure to comply with the Court's May 2, 2012 Letter Orders by stating that the Court did not have jurisdiction over these cases because the amounts in controversy did not exceed $75,000 and Plaintiffs would

---

[1] Prior to serving their Initial Disclosures, Plaintiffs in the *Vanore* and *Fandel* matters had produced estimates from the Stephenson Group claiming wind damages in the amounts of $110,335.89 and $119,628.27, respectively.  The Initial Disclosures, however, did not specifically refer to these estimates or any other specific documents.

3

agree to cap damages at $75,000.  Given Plaintiffs' representations, the Court directed Plaintiffs to submit proofs of loss establishing that these natters met the jurisdictional limit or that the parties submit stipulations remanding these matters to state court no later than July 11, 2014. (*See* Letter Orders of 6/19/2014; Docket Entry No. 8 in Civil Action No. 14-373; Docket Entry No. 8 in Civil Action No. 14-382 and Docket Entry No. 8 in Civil Action No. 14-431).  The Court further ordered Plaintiffs to produce all of their outstanding discovery responses no later than **July 11, 2014**, regardless of the remand issue.  (*Id.*)

Despite the representations Plaintiffs made during the June 19, 2014 telephone conference, shortly thereafter, on June 26, 2014, Narragansett provided the Court with Plaintiffs' confirmed estimates, each of which demonstrated that the amount in controversy exceeded the $75,000 jurisdictional limit.  As a result, on June 27, 2014, the Court entered Orders in all three matters informing the parties that they should proceed with full discovery, again instructing Plaintiffs to produce all outstanding discovery by July 11, 2014, setting August 29, 2014 as the end date for fact discovery, requiring the parties' to submit their joint proposed Final Pretrial Orders by September 11, 2014 and scheduling the Final Pretrial Conferences for September 16, 2014.  (*See* Letter Orders of 6/27/2014; Docket Entry No. 9 in Civil Action No. 14-373; Docket Entry No. 9 in Civil Action No. 14-382 and Docket Entry No. 9 in Civil Action No. 14-431).

For the third time, Plaintiffs failed to comply with this Court's Orders, failing to produce their outstanding discovery responses by July 11, 2014.  As a result, Narragansett filed the pending motions to dismiss Plaintiffs' Complaints.

## Analysis

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to provide discovery, obey court orders and/or prosecute a case. *See* FED.R.CIV.P. 37(b)(2), 41(b). Where such failures have occurred, dismissal may be an appropriate penalty. *Id*. Generally, in determining whether to impose an involuntary order of dismissal, the Court considers the factors set forth in *Poulis v. State Farm Casualty Co.*, 747 F.2d , 863, 868 (3d Cir. 1984). These factors include:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

The Court considers the *Poulis* factors in determining whether to recommend the dismissal of these matters with prejudice. The Court notes that despite having the opportunity to respond to Narragansett's motions to dismiss, Plaintiffs have not opposed same. Instead, their response is largely the same as it has been through the entire course of these litigations: nothing. Indeed, as has been the case, the Court has heard only crickets. For the reasons that follow, the Court finds that under the circumstances presented here, the *Poulis* factors support the dismissal of these matters with prejudice:

1. **Plaintiffs' Personal Responsibility:** The Court cannot definitively place the blame for Plaintiffs' failure to comply with its Letter Orders of May 2, 2014, June 19, 2014 and June 27, 2014 solely on the Plaintiffs themselves. The fault here could lie with

Plaintiffs, their attorneys or a combination of the two.  Whether counsel failed to reach out to their clients to obtain the information required by the Court, whether Plaintiffs themselves failed to respond to counsel's inquiries or whether Plaintiffs decided to abandon their claims and counsel failed to so inform the Court, the Court cannot say.  What the Court does know is that Plaintiffs, either on their own accord or because of counsel, clearly dropped the ball.  Since the Court cannot categorically attribute this failure to Plaintiffs, themselves, the Court finds this factor to be neutral.

2. **Prejudice to Defendant:**  Plaintiffs' failure to comply with this Court's Orders has caused manifest injustice to Narragansett.  Plaintiffs initiated these actions and have done essentially nothing since filing the Complaint.  This is true despite court orders requiring action on the part of Plaintiffs.  Plaintiffs' failures in this regard have made it impossible for Narragansett to effectively defend against Plaintiffs' claims.  These failures, and the attendant prejudice to Narragansett, support the dismissal of these cases with prejudice.  *See, e.g., Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984).

3. **History of Dilatoriness:**  Plaintiffs have a history of dilatoriness.  Plaintiffs failed to produce discovery as required by the Court's May 2, 2014 Letter Order.  This failure persisted, despite the fact that on June 19, 2014 the Court again ordered Plaintiffs to produce the outstanding discovery.  In light of the fact that two court orders requiring the production of discovery responses were insufficient to induce Plaintiffs to provide the outstanding discovery to Narragnasett, the Court entered a third Letter Order on June 27, 2014 requiring same.  Perhaps not surprisingly, Plaintiffs failed to comply

with this Letter order as well.  Plaintiffs' inaction in this regard supports the dismissal of their claims with prejudice.

4. **Willfulness or Bad Faith:**  The Court does not on this record find that Plaintiffs proceeded in bad faith.  The Court does, however, find that Plaintiffs' conduct has been willful.  The record of Plaintiffs failing to comply with this Court's Orders supports a finding of willfulness.  It further supports the dismissal of this matter with prejudice.

5. **Effectiveness of Alternative Sanction:**  The record of Plaintiffs' unresponsiveness to Narragansett, despite this Court's Orders, suggests that alternative sanctions would be futile.  Despite being instructed to produce discovery three separate times by the Court, Plaintiffs failed to do so.  Moreover, even after Narragansett moved to dismiss their cases, Plaintiffs did not produce the discovery or even respond to the motions to dismiss.  On these facts, the Court finds that no lesser sanction would be effective.  *See Joyce v. Continental Airlines, Inc.*, 09-2460 (WJM), 2011 WL 2610098, *2 (D.N.J. June 15, 2011).

6. **Meritoriousness of the Claims:**  In light of the stage of proceedings and Plaintiffs' failure to produce discovery, the Court is unable to determine the meritoriousness of their claims.

Under these circumstances the Court finds that dismissal of Plaintiffs' claims with prejudice is warranted.  Plaintiffs voluntarily filed these cases.  After doing so, they have essentially taken no steps towards advancing same to trial.  Plaintiffs have failed to comply with their discovery obligations.  This failure persisted despite three separate Court Orders requiring Plaintiffs to act.   Further, even when faced with Narragansett's pending motions to dismiss,

Plaintiffs have done nothing. Plaintiffs' failures demonstrate a pattern of non-compliance with this Court's Orders and their obligations under the Federal Rules of Civil Procedure, a failure to prosecute these matters which they initiated against Narragansett and an utter disregard for this Court. As a result, this Court respectfully recommends that these cases be dismissed with prejudice.

## Conclusion

The Court having considered this matter pursuant to L.Civ.R. 78.1(b) and having given consideration to the *Poulis* factors;

IT IS on this 12th day of September, 2014,

RECOMMENDED that Plaintiffs' Complaints be DISMISSED WITH PREJUDICE; and it is

ORDERED that the Clerk of the Court activate this Report and Recommendation and terminate the aforementioned motions [Docket Entry No. 10 in Civil Action No. 14-373; Docket Entry No. 10 in Civil Action No. 14-382 and Docket Entry No. 10 in Civil Action No. 14-431] accordingly.

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**